**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION**

| | | |
|---|---|---|
| STEPHEN MICHAEL RAMEY | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 5:25-cv-158-RWS-JBB |
| | § | |
| SHERIFF RICKY JONES, et al., | § | |
| | § | |
| Defendants. | § | |

**ORDER**

On October 14, 2025, Plaintiff Stephen Michael Ramey, an inmate proceeding *pro se*, filed this civil rights complaint under 28 U.S.C. § 1983 against Franklin County Sheriff Ricky Jones, Winnsboro Police Department, Winnsboro Police Officer Gonzoles, Sgt. Brennan Bassham, and the Texas Department of Criminal Justice ("TDCJ"). Docket No. 1. The lawsuit was referred to United States Magistrate Judge J. Boone Baxter pursuant to 28 U.S.C. § 636.

On July 21, 2026, the magistrate judge entered an initial report and recommendation, recommending Plaintiff's claims against the Winnsboro Police Department and TDCJ be dismissed with prejudice for failure to state a claim upon which relief may be granted. Docket No. 26 (further recommending that the dismissal of these claims and defendants should not itself count as a strike for purposes of 28 U.S.C. § 1915(g) and should not affect Plaintiff's claims against the remaining defendants in the case). In the report, the magistrate judge also denied Plaintiff's motion to amend his complaint to add his attorney Martin Braddy as a defendant; granted Plaintiff's motion to amend to add the City of Winnsboro and the Director of TDCJ as defendants; and ordered that Plaintiff file within 30 days a single amended complaint setting out all of the claims he wishes to bring against Defendants Gonzalez, Bassham, City of Winnsboro, and Director TDCJ.[1] *Id.* at 7.

---

[1] On July 30, 2026, the undersigned entered an order granting Plaintiff's motion to dismiss

Both the report and the July 30 order were mailed to Plaintiff at his most recent address, but both were returned as undeliverable. Docket No. 28. Even though Plaintiff had not kept the Court apprised of his current address as required,[2] on August 24, 2026, the magistrate judge ordered the Clerk of the Court to resend the report and July 30 order to Plaintiff at his new address per inmate locator. Docket No. 29. The magistrate judge ordered any objections to the report were due within fourteen (14) days of receipt.[3] *Id.* at 2.

Plaintiff acknowledged receipt of the report on September 9, 2026. Docket No. 30. No objections to the report have been filed to date. As a result, Plaintiff is barred from *de novo* review by the district judge of those findings, conclusions, and recommendations and, except upon grounds of plain error, from appellate review of the unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Duarte v. City of Lewisville, Texas*, 858 F.3d 348, 352 (5th Cir. 2017).

The Court has reviewed the pleadings in this cause and the initial report and recommendation of the magistrate judge. After review, the Court has determined the report of the magistrate judge is correct. *See United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir.), *cert. denied*, 492 U.S. 918 (1989) (where no objections to a magistrate judge's report are filed, the standard of review is "clearly erroneous, abuse of discretion and contrary to law"). Accordingly, it is

**ORDERED** that the initial report and recommendation of the magistrate judge (Docket No.

---

his claims against Ricky Jones and dismissing Jones as a party to this lawsuit. Docket No. 27.

[2] Local Rule CV-11(d) of the Local Rules of Court for the Eastern District of Texas requires that *pro se* litigants must provide the Court with a physical address and is responsible for keeping the Clerk of Court advised in writing of his current physical address.

[3] The magistrate judge further ordered Plaintiff to file, within fourteen (14) days of receipt, a single amended complaint setting out all of the claims he wishes to bring against Defendants Gonzoles, Bassham, City of Winnsboro, and Director TDCJ. Docket No. 29 at 2–3. Plaintiff was advised that failure to do so might result in a recommendation that Plaintiff's case be dismissed without prejudice. *Id.* at 3.

26) is **ADOPTED** as the opinion of the district court. It is further

**ORDERED** that Plaintiff's claims against the Winnsboro Police Department and TDCJ are **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief may be granted. The dismissal of these claims and defendants does not itself count as a strike for purposes of 28 U.S.C. § 1915(g) and does not affect Plaintiff's claims against the remaining defendants in the case.

**So ORDERED and SIGNED this 15th day of October, 2026.**

Robert W Schroeder III

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE